IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAWRANCE D. MAHOMES**                                                                 **PLAINTIFF**

v.                              No: 4:23-cv-00547-JM-PSH

**CONWAY COUNTY DETENTION CENTER,** *et al.*                **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Lawrance D. Mahomes filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 13, 2021, while incarcerated at the Conway County Detention Facility (Doc. No. 2). The same day, the Court granted Mahomes' application to proceed *in forma pauperis* and directed him to file an amended complaint (Doc. No. 3). Mahomes has since filed three amended complaints (Doc. Nos. 4 & 8-9) and a

motion for a preliminary injunction (Doc. No. 5). For the reasons stated herein, Mahomes' claims should be dismissed for failure to state a claim upon which relief may be granted and his motion for injunctive relief denied as moot.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. In his initial complaint, Mahomes names the Conway County Detention Center as a defendant and alleges:

> Denied adequate medical care, deliberate, indifference, racism, deprivation of rights, criminal, recklessness and negligent. Delay of medical treatment. Force to sleep on floor. Hostile retaliation discrimination. From May 7th to present. Refused to give copies of grievances relating to claims.

Doc. No. 2 at 4. Mahomes was directed to file an amended complaint that described "specific facts to support his claims." Doc. No. 3 at 4. He was also informed that a detention center is not a suable entity and that he must describe only one claim if he sues more than defendant. *Id.* Mahomes was warned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in an amended complaint would be allowed to proceed. *Id.*

In an amended complaint filed June 20, 2023, Mahomes names Shane West as defendant and alleges:

> Shane West of Conway County Detention Center denied me adequate medical care, treated me with deliberate indifference, racism, deprivation of rights, criminal recklessness and negligence. Hostile retaliation – refusal of medical care – discrimination. Refused to give copies of request and grievances relating to claims. His refusal of medical care has caused me excruciating pain and mental anguish.

Doc. No. 4 at 4.  On June 29, 2023, Mahomes filed a motion for preliminary injunction, stating:

> Plaintiff seek injunctive relief to put a stop to the ongoing violations of denial or delay of medical care by Shane West of the Conway County Detention Center because substantial likelihood these violations will recur. Plaintiff suffering is going as a result of Shane West acts of violations of Plaintiff rights.

Doc. No. 5.

On July 7, 2023, Mahomes filed two more amended complaints.  In the first, he names Mike Smith as a defendant in both his official and personal capacities; his statement of claim states that Smith is apprised of his complaint, but he makes no other factual allegations concerning Smith.  Doc. No. 8.  In the second, he names a doctor at Conway County Detention Center as a defendant in both his official and personal capacities and alleges:

> On 6/30/23 at 9:10 pm the jail doctor called me to medical call solely for the exercise of hurling insults where he became combative, retaliated, reflected deliberate indifference and discrimination as an obvious consequence of the grievances and complaints I've filed for inadequate medical care.  The doctor's conduct was witness by jail staff that was on duty at the time.

Doc. No. 9.

The crux of Mahomes' complaints appears to be that has not received adequate medical care at the Conway County Detention Center.  The Eighth Amendment's proscription of cruel and unusual punishment obligates prison

officials to provide adequate medical care to inmates in their custody.[1] *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Although Mahomes alleges that both West and an unnamed doctor have been deliberately indifferent to his medical needs, he describes no facts to support his conclusory claims. And he states no facts whatsoever regarding Smith. Mahomes does not describe his serious medical needs, how they have not been adequately treated, or how he has been injured as a result. Accordingly, he fails to state a claim for inadequate medical care.

---

[1] Mahomes indicates he is a pretrial detainee. *See* Doc. No. 2 at 3. Pretrial detainees' claims are evaluated under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's prohibition on cruel and unusual punishment. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). However, pretrial detainees are entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment. *See id.* (citing *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999)).

Additionally, his claim that the doctor insulted him fails to state a viable constitutional claim. Insults or threats generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding officer's use of racial slur and threat to knock prisoner's teeth out was not actionable).[2] The only exception to this rule is when a verbal threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir.1986).

Finally, his claims of retaliation and discrimination fail because they are entirely conclusory with no factual support. And his complaint that grievances have not been returned to him simply does not describe a constitutional claim. *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003) (Prisoners do not have a federally protected due process right to require prison officials to comply with internal rules or procedures.).

### III. Conclusion

For the reasons stated herein, it is recommended that:

---

[2] *See also McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (inmate's allegations of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials insufficient to state a constitutional violation); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir. 1985) (allegation of racially offensive language directed at a prisoner does not, by itself, state a constitutional claim).

1. Mahomes' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Mahomes' motion for a preliminary injunction (Doc. No. 5) be denied as moot.

3. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 10th day of July, 2023.

_____
UNITED STATES MAGISTRATE JUDGE